**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARATHON ENTERPRISES,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

and

STACEY M. KONTOS; BRENDA E.
BRANAGAN,                                                          No. 99-1753
<u>Plaintiffs,</u>

v.

H. ANGELO AND COMPANY,
INCORPORATED,
<u>Defendant-Appellee.</u>

STACEY M. KONTOS; BRENDA E.
BRANAGAN; MARATHON ENTERPRISES,
INCORPORATED,
<u>Plaintiffs-Appellees,</u>
                                                                  No. 99-1830
v.

H. ANGELO AND COMPANY,
INCORPORATED,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Wallace Wade Dixon, Magistrate Judge.
(CA-97-903-DI-5)

Argued: June 9, 2000

Decided: August 15, 2000

Before MICHAEL and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard M. Wiggins, MCCOY, WEAVER, WIGGINS,
CLEVELAND & RAPER, P.L.L.C., Fayetteville, North Carolina, for
Appellant. Michael Coleman Spring, DAVID L. SWIMMER, P.A.,
Miami, Florida, for Appellee. **ON BRIEF:** Hugh A. Winters, III,
THE YARBOROUGH LAW FIRM, Fayetteville, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marathon Enterprises, Inc. (Marathon) had discussions with H.
Angelo & Company, Inc. (Angelo) about providing construction man-
agement services on a $5,035,131.00 government contract Angelo
had at Shaw Air Force Base in Sumter, South Carolina. Ultimately,
Angelo put on its payroll three Marathon principals who assisted with
the project. In addition to the employment of its principals, Marathon
claims that an Angelo representative orally promised it an incentive
payment if the direct costs of the project came in under
$4,435,000.00. According to Marathon, its incentive payment was to
be calculated under the following formula: Marathon was to receive
all profits made on the project's primary contract, less $600,431.00
to be allocated to Angelo for bonds and home office overhead, plus

2

one-half of any net profit on change orders. When the construction project was completed, Marathon claimed it was due $273,309.44 under the oral contract with Angelo, and Angelo denied there was any agreement.

Marathon then sued Angelo for damages in North Carolina state court, alleging an oral contract for the incentive payment. After the case was removed to federal court in the Eastern District of North Carolina, the parties consented to a non-jury trial before a magistrate judge. At the close of Marathon's case, the magistrate judge granted Angelo's motion for judgment as a matter of law under Rule 52, Fed. R. Civ. P. The judge concluded that "[t]here was no meeting of the minds on the essential terms" of a contract. The testimony of Marathon's one witness (its president) about how the incentive payment was to be calculated led the judge to the "firm conclusion that Angelo did not agree with her methodology." For example, Marathon's president "testified that she thought change orders`should' be handled in a certain fashion, or that she herself would have handled them in a certain fashion, but she was unable to say that there was an agreement as to how they would be handled." All in all, the judge determined that "there were too many variables which were not settled and which were critical to the formation of a contract." Specifically, the judge concluded that there was no meeting of the minds on how "direct costs" would be calculated in determining whether the project came in under the (target) direct cost figure of $4,435,000.00.[1] In addition, the judge concluded that there was no meeting of the minds on either "the sharing of profits on change orders" or on "the constituent calculations comprising the $600,431.00 figure for Angelo's home office overhead and bond costs." There was simply no enforceable contract, the judge decided.

After reviewing the joint appendix and considering the briefs and arguments of counsel, we affirm on the reasoning of the magistrate

_____

[1] Marathon argues that the judge should have looked to extrinsic evidence to determine the meaning of "direct costs." The judge, however, did consider all of the extrinsic evidence offered by Marathon -- the testimony of its president and its exhibits -- and found that evidence to be insufficient.

3

judge. See Kosta N. Kontos v. H. Angelo & Company, Inc., No. 5:97-CV-903-DI (E.D.N.C. July 7, 1999).[2]

<u>AFFIRMED</u>

_____

[2] In light of this disposition, Angelo's cross-appeal is moot.

4